Judge Cabranes had to be in Washington and so I am presiding in his place. He is here by television and we'll hear the first argued case Bifolck v. Philip Morris. Oh one thing before we have here some high school students from the JRC program. We are delighted to have you here. Welcome and try to enjoy the argument. Good morning. Good morning. I'm David Golub. With me is Jonathan Levine and we represent Vincent Bifolck the plaintiff appellant and I hope we can enjoy this argument too. This appeal presents issues that go to the heart of the integrity of the judicial system and adherence to mandatory injunctions, remedial injunctions that are issued by federal courts in their judgments. These are issues that are not normally present in issue preclusion cases. These are issues that have not arisen in the other cases involving attempts to use the DOJ judgment findings preclusively and the issues are the reasons for this appeal. On November 24, 2017, two weeks after Philip Morris presented evidence at trial in this matter denying that it manipulated the nicotine in cigarettes, denying that it intentionally rendered cigarettes addictive, Philip Morris published statements in the major media across the country in accordance with Judge Kessler's mandatory injunction in her August 17, 2006 judgment and those statements included corrective statements about a number of fraudulent acts by A federal court has ordered Philip Morris USA to make this statement about designing cigarettes to enhance the delivery of nicotine. Philip Morris USA intentionally designed cigarettes to make them more addictive. That corrective statement and the other corrective statements that Philip Morris was required to publish in the newspaper was ordered by Judge Kessler as a corrective statement under RICO, section 1964A of RICO to prevent and restrain defendants from committing future violations of RICO. She made a finding in addition to her findings supporting the nicotine manipulation order, she made a finding that the defendants were likely to violate RICO, I'm sorry, to violate the provisions of RICO with respect to future fraudulent statements unless these corrective statements were ordered and she mandated the corrective statement as an injunction in the August 17, 2006 order judgment and she did something else in the judgment. Paragraph three of the judgment issued a complementary injunction permanent injunction that prohibited Philip Morris and the other tobacco companies from making any material false statements. I understand your argument that this was the same fact and I understand your argument that it was necessary not for the RICO result but for the sentence in effect or the order which is what you're saying now and that there was a full opportunity and that the other requirements for collateral estoppel but did the court below consider what is in its discretion the question of fairness because if the court below did not consider something which was in its discretion even assuming that we agree with you on the first point isn't the appropriate thing to remand that to the district court for a first consideration of that. That is exactly the plaintiff's position here. It's clear that the district court did not undertake a fairness inquiry the district court said he didn't reach that the district court said he was relying principally on what he viewed as the lack of necessity he said all of the findings are like there's there's spice in the soup you can take one away and it doesn't affect the judgment. That's as to the RICO but not as to the curative. Correct and this was argued I'm sorry I beg your pardon judge. The curative instruction so I don't understand we'll hear from the other side on that but so I don't understand that argument but what how do you answer the fact that this is kind of a broad industry-based kind of thing and is not specific as to the product that you were specifically focusing on? What judge Kessler did was she broke it down company by company she made findings that there was a conspiracy among all the cigarette companies and I'm going to ask the presider to give you more time thank you thank you very much she made a finding she made findings about the conduct of all of the cigarette companies as a group and then she made specific factual findings as to each each one of the cigarette companies including in particular Philip Morris and she made specific findings with respect to that it did so intentionally to addict smokers that it concealed that from smokers she then went further and talked about what Philip Morris did in the 60s the 70s and the 80s and she made specific subsidiary findings that related that to Marlboro's and Marlboro lights we've cited those references in our brief and I can't there are too many to to read to you but they are they are specific findings as to Philip Morris they are specific findings as to Marlboro's and equally important at the trial the evidence they presented from Richard Jupe was we don't do we never manipulated any cigarettes right were you given any kind of opportunity to rebut Jupe's testimony Jupe testifies well nicotine occurs naturally in tobacco that's from his testimony right in the and then denies he specifically denied that Philip Morris had altered or or had any control over nicotine levels which is directly contrary right to Kessler's findings right we what we what what Jupe said actually was we don't set the nicotine level we don't determine an addictive dose we've never studied an addictive dose and nicotine this is his exact words is merely a nuance that follows the tar levels in cigarettes those are that's testimony that was completely contrary to Judge Kessler's findings and and I need to point out it's completely prohibited by paragraph three of the injunction she issued if Jupe had gone out in the street on behalf of Philip Morris and said Philip Morris doesn't manipulate nicotine that would have been an absolute violation of which it did say that there's no first amendment right under um Norr Pennington they raised a first amendment claim we have a Norr Pennington right to make these statements the court of appeals said no Norr Pennington doesn't apply this is a there's a finding of deliberate fraud well there's an injunction here that says Philip Morris may not make these statements what they you know he made that statement did you make the court aware of the trial there were several different yeah I understand that but did you renew your objection I did not I the judge and and I I'm not finding fault okay no I didn't well what what there was here was we had competing evidence you can't put on 84 witnesses in nine months of trial and 10,000 exhibits but we had competing experts but they had this they had a witness who took this counsel what do you make of the fact that the appeal on the sentence what I call the sentence right uh was uh decided on the basis of a waiver rather than on the direct merits of that does that affect what we well our judgment here okay it it doesn't first of all if you elect not to but equally important there were direct appeals attacking attacking the nicotine manipulation finding and the court of appeals said it is supported and they cited to page 309 of the decision and the the finding about designing cigarettes that judge Kessler made there was an appeal there was a challenge made on first amendment grounds the court of appeals rejected that on the corrective statements there was a there was a an appeal made that the prohibition in paragraph three was too broad the court of appeals rejected that as saying it's warranted and you know exactly what it is and it's the plaintiff's position and that's why I started my argument by referencing adherence to remedial injunctions it's the plaintiff's position that this is different than the normal in issue preclusion case in the normal issue preclusion case you've got a finding in one case is it fair is it if it meets the requirements is it fair to apply it that's not what you have here you have a factual finding that's then enforced by a remit to remedial injunctive orders designed to prevent the plaintiff the defendant from ever saying this again that's that's that's why this isn't that's why this isn't simply a question of well was there an inconsistent verdict here or there in 2006 after a nine-month trial with all of the procedural and evidentiary protections that we talk about in the brief and after all these appeals there's a ruling saying you may not make these false statements anymore and you have to make corrective statements and they just violate it good I think we have your argument uh you've retained three thank you very much I'm going to give opposing counsel an extra three minutes as well uh since we have given you that thank you your honor good morning may it please the court lauren goldman of mayor brown for appellee philip morris the argument that you just heard from appellant is very different from what appellant argued in his brief and most of what he just said is waived because these are not issues or arguments that he raised on appeal but I just want to take a step back here plaintiff is asking for preclusive effect to be afforded to findings that were made by the district court in the DOJ case 20 courts have considered whether to give those findings preclusive effect 19 courts with the outlier being a state court judge in alaska all that which is essentially the courier point about collateral estoppel in these cases goes to the question of fairness that is to the extra question and that question the district court did not decide so that uh I self as I suggested to opposing counsel there is an issue as to whether in cases like this one should apply collateral estoppel whether it is fair in one case and there are things in this case which run in one direction that there is one case then doing this in individual cases but that hasn't been decided by the district court what we have before us today is the issue of whether what was decided in the DOJ case met the requirements for collateral estoppel that is was it the same issue was it actually decided you know those are the questions before us this other thing of fairness is very important but it wasn't decided by the district court uh we submit that it was your honor but let me take a step back and just respond you think the district court decided fair a couple things your honor first of all when I referred to the 20 courts I was referring to the 20 courts that have analyzed whether it is proper to give a stopple effect to these findings and have concluded that on it would that the findings were not necessary to the judgment that they were not identical and that they were not unfair I wasn't referring to the inconsistent judgments we can get to that in a minute binding on us are they district courts they're district courts largely not binding but the fact that 20 courts have looked at this 19 of them have come out the way that we're arguing is I think constructive second of all what the district court you're right didn't need to reach the entire fairness inquiry including the applicability of these inconsistent judgments because it found for the defendant on partly on ground that the plaintiff had not met his identicality that the plaintiff had not met his burden of showing that any particular finding was necessary to the judgment proof of the addictive nature of the cigarettes relevant in the products liability case proof of the yes your honor that's one element was proof of manipulation of the addictive nature of the cigarettes uh relevant in the in the products liability case in within the case below that you're arguing right now in in bible in this case your honor yes it was but it's a very different context proof of knowledge by the manufacturer of the addictive nature of nicotine and its ability to manipulate nicotine in its cigarettes relevant in the products liability case of mr gollop bro relevant in a different legal context your honor from the context in which it arose in doj all the findings made by judge kelso are relevant with regard to mr gollop's client's claim we would not submit that they are your honor and you just told me they were no you asked whether those factual issues are relevant if i can take a step back your honor and talk about the context let me just finish philip morris in the dc case was found to have known of the addictive qualities of nicotine correct your honor philip morris was found to have manipulated the addictive the addictive we'll get to the particular brand in a second are relevant to a product's liability claim if they're tied to the product itself in connecticut are they are relevant but that is not the question in applying collateral estoppel your honor because in matchesick may i interrupt a second of course your honor you are conceding that they are relevant okay but you are arguing that there's a different issue but i'm arguing that for multiple reasons the fact that they are relevant does not make it proper to apply collateral estoppel if i may respond to judge calabrese's question on what the district court found and then if i may return to your question about identicality necessity okay in terms of what the district court found i would point the court to page 605 of the appendix because it's important to note exactly what the district court analyzed what it found what it didn't find so plaintiff raised this issue a couple of weeks before trial after 10 years of litigation in this case and he submitted a motion and he said you should give collateral estoppel effect to these 10 what he called six i'm sorry not not 10 six ultimate issues for each ultimate issue he identified several dozen of the many thousands of findings from the doj case he did not attempt to parse through those findings and show that any of them were identical to the issues here he did not attempt to parse through them and show that any of them were necessary to the judgment here more importantly and the court below held a hearing and found several things he said you haven't shown that they're identical and then he said more importantly you haven't shown that any of these findings were necessary to the judgment and he applied the right standard now why weren't they necessary to the judgment in the sense of the sentence now there's no as i read what the district court did they looked to whether he looked to whether they were necessary to a finding of guilty of rico and i think it's clear that they're not necessary to a finding of guilty of rico because there were a hundred other reasons why the cigarette companies were guilty of rico but why weren't they necessary to the sentence what i'm calling the sentence and i'm using that word intentionally because in other situations where something is necessary to the sentence it is necessary for purposes of collateral estoppel well when the district court in the doj case ordered philip morris to make these statements why wasn't that necessary to vote to its order okay several reasons your honor first of all it's not a sentence it's it's a remedy in a civil action and that's important second of all the the test for collateral estoppel is not necessary to the remedy it's necessary to the judgment the supreme court said that in bobby versus buys this court had said it in the westchester versus hud case courts over and over again have said that it has to be necessary to the judgment of liability and not to the remedy plaintiff has not where do you find a case that says there were something is not necessary to the and i'm using this a finding of guilt but is not relevant but is necessary to what we then declare the remedy or that uh that it that is not collateral estoppel can you cite me something specifically which says that we did not find cases that specifically said that if it's not necessary to that if it is necessary to the remedy that's not enough but plaintiff has not cited a single case that would allow this court to depart from the rule in bobby versus buys that it needs to be necessary to the judgment but why i'm going to explain on the reasoning of collateral estoppel so here's why the necessary to the judgment requirement is there for a very specific purpose the requirement is there it has to be necessary to the judgment so here as the court just said it wasn't necessary to the judgment on rico because there were so many other findings and that is dispositive and here's why it has to be necessary to the judgment so that the defendant has both the right the ability the power and also the incentive to appeal on that issue specifically so what the courts have explained is that if you were to go up on appeal on just that issue and the court of appeal were to find that it was erroneous below and not reverse because it's harmless error excuse me isn't that exactly also so on the remedy no court has ever held that it is your honor and no court has held that you say that but no court has held the opposite so it is an open question before us and i'm asking the question of why isn't it equally open to somebody in your situation to appeal the remedy and lord knows we get appeals of remedy all the time of people saying yes i'm guilty or yes this is so but the remedy is wrong and you must correct it two reasons your honor mind you i'm not i'm not saying what ultimately is fair in this i'm interested now not in the result in this case i'm interested in what collateral estoppel means and must mean because that's the issue before us well what the courts have said is that it has to be necessary to the judgment and what the courts say is that it has to be outcome determinative in the case on the judgment of liability so for the court to say well it it we acknowledge that it wasn't necessary to the judgment of rico liability here but it was necessary to one of the many corrective statements that the court ordered and so therefore it's okay to apply collateral estoppel would be taking the doctrine of offensive non-mutual collateral estoppel which the supreme court has recognized is extremely dangerous and risky and infringes the defendant's all that what you've just said again goes to the fairness and the equity of applying it okay let me just give you a simple example of something somebody is found guilty and i know that this is civil and this is different okay but somebody is found guilty and some facts are found which specific facts are found by a court and later in another case those facts are the ones that are in question shouldn't collateral estoppel apply to those facts which justified the sentence no because it you're talking about a different context i want to bring this i'll answer your guidelines if you have to find a particular fact but that's not where we are we are in a situation where we had a civil judge sitting in a civil case and exercising what she characterized as the broad discretion on the content of those findings and then when philip mars took it up on appeal counsel you're not answering my question you're saying that this case is different from my hypothetical and that may be that's a different question but you were saying that judgment didn't mean remedy and i am trying to focus on that because as i say i'm not interested in the total result in the case i'm interested in deciding what collateral estoppel should be and i want to know whether in the hypothetical that i gave you uh there would be collateral estoppel then whether that applies to this situation is another issue there would not and for two reasons one is that the district court especially a civil court like we had in this case exercises an enormous amount of discretion over a remedy once it has found liability so is a qualitatively different thing to attach collateral estoppel to a remedy so i take it your point is is that in review of the remedy by an appellate court it's an abuse of discretion review which and is that is that separated from any particular findings the fact that the court made or had to make with regard to identifying the remedy that was appropriate in this case yes the district court said that exercising broad discretion over the corrective statements the district the dc circuit when it looked at this on appeal both two things found waiver and so didn't let the defendants appeal from the question of whether any particular corrective statements that were ordered by the district court were supported by particular findings of fact and second said we're not finding we're not holding that any particular corrective statements had to be supported by you are two layers removed from the findings of fact here you address that fact of waiver on the appeal because that's something that interests me particularly because it you say it goes to the question of whether this there was a opportunity to have a full and fair hearing you know all the other requirements so i'd like you to address the fact of waiver and whether that is it goes to these things or whether it is another factor that a district court should discuss when it discusses the fairness of applying collateral estoppel no no your honor it is a factor that actually legally precludes the application of collateral estoppel here because there are so many problems here the dc circuit's decision in this case that was a bench trial and the under parkland hosiery i understand that but it is a factor that it was a bench trial then you take that bench trial they go up on appeal from the judgment of liability which under every decision that we've read on offensive non-mutual collateral estoppel it's that judgment of liability that's the only thing that can give rise to preclusion so they take that up they come back to the district court there they lose they're remanded they go back to the district court to litigate the remedy so now we're several steps away from even the bench trial from anything that was necessary to that judgment she says i'm exercising broad discretion on the content of these corrective statements the case goes up again on appeal to the dc circuit the plant the defendants say look there wasn't enough facts there were not findings of fact that you can correspond to each of these corrective statements and the dc circuit says well you should have raised that on the last appeal waiver now we're not arguing that that was wrong that's that case that's water under the bridge but all of that plays into exactly why under the court's doctrinal questions about collateral estoppel if there is a waiver normally isn't that considered a decision on the merits and again i'm no talking about this case i know i'm talking about uh whether in a situation somebody is found guilty civilly or whatever on the basis of some facts and they attempt to appeal those facts and the court says i'm sorry you waived that is that not a decision of the merits in terms of what we normally do no your honor i believe that there is case law the plaintiff didn't make this argument so we didn't respond to it in our brief but the plaintiff didn't make this argument in his opening brief but i believe that there is case law specifically holding that where there is a waiver that operates as a waiver in that case it doesn't operate as a waiver that bar that that permits collateral estoppel in other cases it's do you have any cases again whether cases on one side or on the other because ultimately it's an open issue but you have any cases that say that a waiver is uh not a decision of the merits for purposes of collateral estoppel well decision on the merits is not the question for the collateral estoppel it's necessary to the judgment do you have any cases that say that where there was a waiver because of which something which was found below could not be appealed that this was not a necessary decision for purposes i do not but i also want to point out that this was again not something that was found below the thing that there was waiver on was the remedy which was not the judgment yes yeah miss goldman yeah on on the remedy that the fact that you did presume you did have that your predecessors had not waived on the remedy would there have been an opportunity for the appellate court to review uh whether the findings of fact were clearly erroneous yes and so no not on that not on that they what they would have been looking at is the precise question that you're asking me which is whether the corrective statements were supported by particular findings of fact in the record so there had to be a connection between factual findings and the corrective statement well the district court held that that there did not have to be such a connection she said she was had there not been a waiver on appeal what would the issue no because the district court just said well there were the the dc circuit said well there were a lot of findings here you know we're sure that everything i know what they said because but that's all dicta because of the way correct you've taken the position that collateral estoppel only applies to findings of fact that are necessary to support a judgment but you have indicated that the the corrective statements the remedies themselves are subject to appellate review and and and you've indicated at least it seems to me you've indicated that part of that review is premised upon the fact that there has to be some factual support in the record for the remedy to have been given and and what i'm trying to get at is is is there and the waiver short-circuited that process yes your honor waiver would there have been some review by the court as the legitimacy of those factual findings yes i believe so your honor why wouldn't those factual findings if they were sustained by the say it occurred why wouldn't those factual findings later be entitled to issue preclusion if the other if it's why is it different from a judgment remedy what what's the magic in that because there's more discretion because you are several steps removed from what we have here but you're but you told me it's a finding of fact that then i didn't say it was a finding of that let me finish please yes your honor it's a finding of fact that informs the exercise of the discretion but it's a finding of nonetheless facts don't become a and a little bit more they're a they're a they're b they're c a b and c inform a conclusion and an exercise of discretion as to what a remedy should be but they are reviewed in the context of the exercise of that discretion are they not they are your honor but but but a couple of things about that this court made clear in its other decisions applying offensive non-mutual collateral estoppel cases like madisic cases like nederland the court made clear that where you have a different legal context unless you're talking about a very simple fact like the no now you're now you're moving to something else please let me ask you this yeah if the district court had found that philip morris had manipulated levels of where that by manipulating the levels of nicotine they could they could encourage additional use of their product would those findings in fact have supported the corrective measure that the district court employed in the in in dc if the district court in dc had made those findings and issued that it it i'm not saying that it did i just asked you if it had done that that's not the question the question is whether it supported the remedy it is the question i just put to you ma'am and it would have supported the remedy answer my question you're right i apologize your honor thank you i'm sorry your honor look you may you're doing your best to defend your situation and i appreciate the the the level of your advocacy and the quality of your brief i'm not trying to trick you i'm trying to understand something i understand your honor i apologize all right thank you very much so it may if it had made those findings of fact and then made exercised its discretion issued a curative order the findings of fact would have been evaluated and whether they supported that exercise of discretion correct yes your honor if those findings of fact were wrong that would be one of the ways of understanding whether the court had abused its discretion would it not it would your honor may may back onto that okay it wouldn't show that they were necessary it might have shown whether something is supported is a separate question from whether it was necessary to the remedy and given the level of protection that has to surround the use of offensive non-mutual collateral estoppel our position just to be clear is that it has to be necessary to the judgment not the remedy but if you are going to hold that it has to be necessary to the remedy there needs to be a showing that the particular facts that the plaintiff wants to use here had to be necessary to the remedy and and that is a different question from what you are asking me may i just respond to a couple of other points i know i'm way over time yes go ahead please uh let me just see if i understand one thing you say that the remedy is a matter of discretion okay that's what you just said yes the remedy applied suppose a court finds a fact a and then in this case on the basis assuming that they found this fact decided rather than issuing the remedy that they issued which was fantastically broad injunction had said because of this we find philip morris five hundred dollars that would be an exercise of discretion as to the remedy that they applied five hundred dollars instead of a statement across the board that this is what happened but both of those whether it went one way or the other wouldn't they depend on that same finding of fact not necessarily your honor when you when you add that's a separate question i believe that what you're asking me now is not whether something is necessary to the remedy but why the exercise of discretion is so important in distinguishing the remedy from the judgment no i'm asking about whether that fact would be necessary to any of several decisions as to which the court had discretion but that the finding of fact would support one or another if that finding of fact were wrong then five hundred dollars fine would be just as wrong as a broad injunction but the finding of fact would be necessary to either of these discretionary holdings wouldn't it it might be if we could bring that back to this case though what if judge kessler had made every fact every finding that she made every finding of fact issued the same exact corrective remedy right but let's say she also found this let's say that she found that philip morris did everything else in her findings but she also made an additional finding that philip morris did not manipulate nicotine in marlboro's or marlboro lights from the period from 1972 to 1994 problem he has right it's a big problem it is an insurmountable problem she could have found that and issued the exact same industry why correct and that is why in madisic and niederland the court said it's so important to look at the context because when you take something out of one context and pitch it into another you are very you are raising major fairness concerns two other points just very briefly i know the court is really running out of patience with me and i'm way over my time no not at all in this goal we're not i just want to our time but when you come back to it raises fairness concerns i am with you but when you're talking fairness concerns aren't you talking that fifth factor that the supreme court said in park because of which there is a discretionary decision as to the equitability of applying equitable estoppel and that that is an issue that as volva district court made some suggestions it made no clear finding so that again uh if it is a matter of fairness concerned isn't the for the district court to make a decision in its discretion on fairness which then depending how it goes would presumably be appealed but that's a different case uh no your honor for three reasons one is that the district court did say that there are probably equitable considerations here that would make it inappropriate to apply collateral estoppel if it had to reach that question as you know the court did not need to reach that because it ruled in our favor on necessity but the court also made another finding that's very important and this is at page a 605 of the appendix the court said that applying estoppel would confuse the jury the court said we'd be left with something that i think the jury would find very confusing and the concerns about jury confusion are something now now we agree with the plaintiff that you review the legal questions here de novo but the concerns about jury confusion expressed by a district court judge who had presided over 10 years of pretrial litigation in this case and who presided over the trial is something to which the court should defer third the court found that the plaintiff had not met his burden the court said you haven't even tried to convince me you haven't even tried to show that the issues here are identical that they're necessary and that and that applying collateral estoppel would be fair that is another finding to which this court should give deference and finally what the the only basis for offensive non-mutual collateral estoppel is efficiency and the court said you know it would be impossible for me at he said it would be literally impossible to go back and cherry pick which of these findings that you want to treat as as as stopped are were necessary to the judgment and even if i could do that it would result in jury confusion so all of those are determinations to which this court should defer thank you your honor kept you 15 minutes beyond your time but it's very useful thank you are there any other questions are you able to hear me yes i am your honor i have one simple question before you go back um as you know judge kessler ordered philip to make a corrective statement acknowledging that it had engaged in nicotine manipulation and you heard mr gollum uh this morning tell us that philip morris before judge underhill effectively violated the injunction in this respect how do you respond to this rather serious claim that is absolutely unfounded your honor there was never any attempt in this case nor could there have been to bar philip morris from defending itself in this separate litigation on the basis of an injunction ordered by a district court plaintiffs all over the country have tried to defend the have tried to preclude the tobacco companies from defending themselves by saying that defending themselves in unrelated litigation would violate that injunction no court has accepted that it would be a massive due process violation to say to these companies that they that they are enjoined from defending themselves in unrelated cases of course they're not enjoined from defending themselves the question here is you can't hear you i'm sorry uh of course they're not enjoined from defending themselves the question is can they come in and make the statement that uh judge kessler said that they could not make they could defend themselves in any other number of ways but can they make the particular i think that's the question judge cabranas is asking you your honor no court has ever found that defendants can't offer evidence that is inconsistent with the injunction the very very broad injunction ordered by judge kessler that's not an issue on this appeal the plaintiffs haven't plaintiff has not made that argument on this appeal it's waived but even if it weren't waived that would be such a massive extension of the doctrine of collateral estoppel and it would so clearly violate the first amendment and due process that no court in the country has ever held that a defend that a tobacco defendant cannot introduce evidence that is inconsistent with the doj findings and plaintiffs like to do that all the time and no court has permitted that thank you uh mr gollub uh i will give you five minutes of to use it all um first of all we have a little disagreement among the parties about the law you just heard um in response to judge cabranas's question the statement made that plaintiffs have been making this argument about in violating the injunction and courts the courts the 20 courts have rejected it this is not an argument that's been made and it hasn't been made because as near as i can tell we are the first plaintiff to point out why the corrective statements rendered the um rendered the findings at issue necessary if you look at the other cases the other cases they try to they try to argue claim preclusion on liability they try to argue apply hundreds of findings broadly that's not what we said we said and the argument we didn't make it below is simply inaccurate we said below these were these findings that we're trying to apply were the basis for the corrective statements and because they were the basis for the corrective statements they were necessary and you and you have to and therefore it's enforceable the time that mr jupe testified yes were you aware of the injunction i was not aware of paragraph three i was only aware of paragraph five so i didn't argue paragraph three i i but paragraph three at the time you wrote your brief were you aware of paragraph five no oh paragraph five paragraph five yes no paragraph three was in preparation for this argument and i honestly say that um paragraph three was paragraph so paragraph three paragraph three was at four o'clock this morning when i woke up and i said how can there not be in an affirmative injunction in this judgment and i got up and i went to my index my appendix and i found paragraph three and i said to mr levine this morning boy oh boy i said i'm going to get asked this question but paragraph three has to be understood and i am i supposed to this this johnny come lately argument which is an interesting argument miss goldman gets she gets she gets bushwhacked by at the second circuit at 10 o'clock in the morning uh i mean seriously well the only thing i can say exactly how we do business here i i understand that it is a and i'm i don't i don't want to dissemble with the court i it's it's in it's it's it's it comes it arises out of the corrective statement paragraph but i but i'm saying but i'm saying i'm saying it was not it was not argued below and it's being presented to you as let me ask you this yeah your opponent says that um um the the findings of fact that relate to the the remedies are in the context of an exercise of discretion and what i take from her argument to mean is that that those findings in fact are not necessary in the sense that you have to find a b and c to come up with d that that a b and c inform d and that's so she says they're not necessary in the sense whereas like in a product's liability case you have to prove defective design etc etc etc so they're not like an element to the to the exercise of the discretion that results in d what's your answer to that i think that there's no legal support for her position there is a remedy ordered it's a remedy by the way that implicates not only rico's remedial authority which can only be uh forward looking it also implicates first amendment protections and that is that is subject to strict scrutiny by an appellate court i know that in a subsequent opinion this the dc court said it was waived but it wasn't it was in fact argued they raised the issue that the corrective statements could not be enforced because there was no support for them the dc court specifically addressed that argument in its in its decision if it excuse me do i take you to say that the corrective judgments corrective orders that the district court in the doj case made in its discretion could not have been made had there not been a finding of fact to this effect yes and it couldn't have been made under rico and it couldn't have been made under the first amendment and there were several findings in fact that go to this so what if one were missing but the others were there well if the if the if there are there were five different corrective statements that were that were ultimately ordered the discretion that council is referring to is the discretion in the wording of the statements and and the the wording of the statements took 10 years to litigate that's last lastly what do you say the fact that these corrective statements are industry-wide as opposed to product specific um the um i say two things i say first um jupe's testimony was not limited to marlboro's or marlboro lights he was put on the stand to say we don't do any nicotine manipulation we haven't researched in it we couldn't have done it with marlboro marlboro lights because we never even studied nicotine we've never set nick we've never set nicotine levels for any cigarettes but equally important and if you look at this these are the findings the supportive findings are at page 10 of our reply brief h10 page 10 we address this argument by the by the defendant um and show the findings about marlboro's in the early to mid-70s when jeanette bifolk was smoking them that informed um judge kessler's findings about nicotine manipulation okay um the um the the that's all right i'll find okay the court the court actually you'll have to speak go to the microphone i beg your pardon um the court of appeals actually at page 1144 and this is in the first appeal the 2009 appeal this is what they said about the corrective statements the district court found that for over 50 years defendants violated rico by making false and fraudulent statements to consumers about their products the court also found defendants reasonably likely to commit similar violations in the future and concluded corrective statements were necessary to counteract these anticipated violations thus contrary to defendants arguments the publication of corrective statements addressing defendants false assertions is adequately tailored to preventing defendants from deceiving consumers that's a direct response to the argument that was made on appeal and this argument this claim here that there's no collateral estoppel if it only goes to a remedy that imposes a mandatory injunction that would that would i mean the park lane the park lane hosiery case was an sec case involving an injunction i mean there's there's these there's the idea that you can't that there's no collateral estoppel and injunctions is just is i think it's unsupported um the the court also said in response to the claim on appeal um in response to the claim on appeal excuse me just one second mr gollum i'm gonna ask you to bring this to a close unless there questions i have no i i'm happy to close thank you thank you very much thank you both very well argued by both sides a difficult and interesting case and we will take it under advisement